# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **ANDREA PATAI, individually and on behalf of all others similarly situated,** § § § | |
| *Plaintiff,* § | |
| § | |
| v. § | MO:19-CV-281-DC |
| § | |
| **MARQUEZ CONSTRUCTION & MAINTENANCE d/b/a MARQUEZ INDUSTRIES, LLC, and TALIS INDUSTRIES, LLC,** § § § § | |
| *Defendants.* § | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge Ronald C. Griffin's Report and Recommendation (R&R) (Doc. 24), filed in the above-captioned cause on January 20, 2021, in connection with the Motion for Summary Judgment filed by Plaintiff Andrea Patai (Plaintiff) (Doc. 16). Also before the Court are Plaintiff's timely Objection to the R&R and the Response to the Objection filed by Defendant Marquez Construction & Maintenance d/b/a Marquez Industries, LLC (Defendant Marquez). (Docs. 29, 30). After due consideration, the Court **SUSTAINS** Plaintiff's Objection (Doc. 29), **ADOPTS IN PART** the R&R (Doc. 23), and **GRANTS IN PART** and **DENIES IN PART** the Motion for Summary Judgment (Doc. 16).

### I. BACKGROUND

Plaintiff filed this action as a collective action[1] under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, on December 3, 2019. (Doc. 1). She seeks unpaid overtime wages, liquidated damages, attorney fees, costs, and post-judgment interest for alleged FLSA violations. *Id.* at 10. Defendant Marquez and Defendant Talis Industries, LLC (together,

---

1. Although the Complaint asserted collective action claims, Plaintiff never sought, and the Court never granted, leave for a collective action to proceed.

Defendants) filed an Amended Answer and asserted affirmative defenses, including exemptions from the FLSA for administrative, executive, or highly compensated employees or outside salespersons. (Doc. 12 at 4).

On November 23, 2020, Plaintiff filed her Motion for Summary Judgment. (Doc. 16). Defendant Marquez filed a Response in opposition to the Motion, and Plaintiff filed a Reply in support of the Motion. (Docs. 19, 21).

On January 20, 2021, the Magistrate Judge entered his R&R. (Doc. 24). The R&R concludes Plaintiff has met her burden to establish a prima facie FLSA overtime compensation claim. *Id.* at 3–5. However, the R&R concludes there are genuine issues of material fact as to whether Plaintiff is subject to the administrative or highly compensated employee exemptions. *Id.* at 5–9. Specifically, the R&R notes that both exemptions require an employee to be compensated on a salary basis and concludes there is a genuine issue of material fact regarding whether Plaintiff was compensated on a salary basis. *Id.* at 7–9. Consequently, the Magistrate Judge recommends denying the Motion for Summary Judgment. *Id.* at 9.

Plaintiff filed a timely Objection to the R&R. (Doc. 29). Defendant filed a Response to Plaintiff's Objection. (Doc. 30).

## II. LEGAL STANDARDS

### A. Report and Recommendation

A party may contest the proposed findings and conclusions in a report and recommendation by filing written objections within fourteen days of being served with a copy of the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party's objections to portions of a report and recommendation entitle him to *de novo* review by the Court. *See* 28 U.S.C. § 636(b)(1). However, objections must specifically identify those findings or recommendations to

which objections are being made. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Proposed findings and recommendations to which no objections were filed are reviewed for plain error. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

### B. Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *United States v. Renda*, 709 F.3d 472, 478 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the nonmoving party to point to "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Hous., Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Additionally, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis in original) (quoting *Anderson*, 477 U.S. at 247–48). "Where critical evidence is so weak or tenuous on an essential fact that it could not support a

judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate." *Duron v. Albertson's, LLC*, 560 F.3d 288, 291 (5th Cir. 2009) (quoting *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 199 (5th Cir. 1999)).

In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). However, the court may not "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### III. DISCUSSION

Neither Plaintiff nor Defendant Marquez objected to the Magistrate Judge's conclusion that Plaintiff has established a prima facie FLSA overtime compensation claim. Accordingly, the Court reviews this conclusion for plain error. *See Quinn*, 863 F.3d at 358. The Court has conducted such a review and finds this conclusion to be neither clearly erroneous nor contrary to law. Accordingly, the Court adopts the R&R's conclusion that Plaintiff has established a prima facie overtime compensation claim against Defendant Marquez.

In her Objection, Plaintiff challenges the R&R's finding that there are genuine issues of material fact regarding whether Plaintiff was compensated on a salary basis and its conclusion that, due to this fact issue, the Court cannot determine the applicability of the administrative and highly compensated employee exemptions. (*See generally* Doc. 29). As Plaintiff timely objected to this conclusion, the Court conducts *de novo* review. *See* 28 U.S.C. § 636(b)(1).

After an employee establishes a prima facie FLSA overtime compensation claim, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the

4

employee's evidence." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (internal quotation marks omitted) (quoting *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)). "If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'" *Johnson*, 758 F.3d at 630 (quoting *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

The FLSA exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the overtime requirements of section 207. 29 U.S.C. § 213(a)(1). Defendant Marquez asserted the administrative and highly compensated employee exemptions were applicable. (Doc. 19 at 3–4).

Federal regulations apply the administrative exemption to any employee who is

> (1) Compensated on a salary or fee basis pursuant to §541.600 at a rate of not less than [$455] per week . . . ;
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.[2] Highly compensated employees are exempt from the overtime provisions of the FLSA; in order to qualify for the exemption, an employee must have a total annual compensation above a certain amount ($100,000 was the relevant amount for the time period at issue) and "customarily and regularly perform[] any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee . . . ." *See* 29 C.F.R. § 541.601. Additionally, the highly compensated employee exemption requires compensation on a

---

2. $455 was the relevant amount before the current regulations went into effect in 2020.

salary or fee basis. *See id.* Notably, both exemptions require that the employee be compensated on a salary or fee basis.

Department of Labor regulations provide that an employee is paid on a salary basis "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

As discussed previously, Plaintiff moved for summary judgment and established a prima facie claim for overtime compensation. Therefore, Defendant Marquez had the burden to "support its affirmative defense[s] by affidavits, depositions, answers to interrogatories and admissions on file that evidence specific facts showing a genuine issue of material fact for trial." *See United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 590 (S.D. Tex, 2015). In its Response to the Motion for Summary Judgment, Defendant Marquez asserts that it provided evidence that Plaintiff was compensated on a salary basis and cites the declaration of Jose Marquez. (Doc. 19 at 4). However, the declaration does not assert that Plaintiff was compensated on a salary basis; it merely states Defendant Marquez "classified this position as exempt," asserts Defendant Marquez "handsomely compensated Plaintiff," and states "Plaintiff earned over $100,000 annually." (Doc. 19 at 6–7). Nowhere in the declaration does Mr. Marquez assert that Plaintiff was paid on a salary basis or indicate Plaintiff received a predetermined amount of compensation on a weekly or less frequent basis. Consequently, the statements in the declaration do not allow the Court to reasonably infer Plaintiff was compensated on a salary basis and are insufficient to demonstrate there is a genuine dispute of material fact on this issue.

The R&R acknowledged Mr. Marquez's "statements are not conclusive to establish either exemption defense" but nevertheless concluded there was a genuine issue of material fact as to whether Plaintiff was compensated on a salary basis. (Doc. 24 at 8). It pointed to Plaintiff's reliance on 29 C.F.R. § 778.113 in her damages calculations as evidence that Plaintiff was compensated on a salary basis. *Id.* at 8–9. However, Plaintiff's method of calculating damages is not relevant to the determination of whether Defendant Marquez has met its burden to establish there is a genuine issue of material fact. Plaintiff does not have the burden of proof as to exemptions. Rather, Defendant Marquez has the burden of establishing Plaintiff was exempt from the FLSA's overtime requirements under either the administrative or highly compensated employee exemptions. *See Johnson*, 758 F.3d at 630.

Additionally, the R&R notes Plaintiff cited Defendant Marquez's interrogatory responses and concludes "they contradict Plaintiff's assertion that she was paid hourly rather than pursuant to a salary." (Doc. 24 at 8). However, Interrogatory 6 and the accompanying answer indicate Plaintiff's "regular rate was $24.61 per hour [] and her overtime rate of pay was $36.915 per hour" and she received a per diem of $1,050.00 per week. (Doc. 21-1 at 3–4). This evidence appears to support rather than contradict Plaintiff's assertion that she was paid on an hourly basis, and the Magistrate Judge does not explain why he finds this evidence indicates Plaintiff was paid on a salary basis. More importantly, *Plaintiff's* reliance on this evidence is not particularly relevant because Defendant Marquez has the burden to offer evidence that demonstrates Plaintiff was paid on a salary basis. *See Johnson*, 758 F.3d at 630. It has failed to do so.

Defendant Marquez cannot survive summary judgment on its affirmative defenses because it has failed to demonstrate the existence of a genuine issue of material fact by pointing

to evidence in the summary judgment record that indicates Plaintiff was compensated on a salary basis.[3] The Court does not have "a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Evidence that exists in the summary judgment record but is not referred to in the nonmovant's response to the motion for summary judgment is not properly before the court. *Id.*

The Court determines that Defendant Marquez failed to demonstrate there is a genuine issue of material fact as to its affirmative defenses that precludes summary judgment. Consequently, Plaintiff is entitled to summary judgment as to Defendant Marquez's liability, and the Court rejects the R&R's contrary conclusion. However, Plaintiff has not established a prima facie case as to Defendant Talis Industries, LLC, and the Court is not persuaded that the parties have adequately briefed the issue of damages. Accordingly, the Motion for Summary Judgment is granted in part and denied in part. The Court recommits this matter to the Magistrate Judge for a recommendation regarding the appropriate damages. *See* 28 U.S.C. § 636(b)(1).

## IV. Conclusion

Based on the foregoing discussion, the Court **SUSTAINS** Plaintiff's Objection and **ADOPTS IN PART** and **REJECTS IN PART** the R&R. (Docs. 24, 29).

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 16).

---

3. Both Plaintiff and Defendant Marquez reference an "offer letter" or "job description" for Plaintiff that allegedly references a weekly "salary" based on a fifty-hour workweek. (*See* Docs. 29 at 4, 30 at 2). However, neither party submitted this evidence for the Court's consideration. Plaintiff references it as "Exhibit E" and Document 16-5 attached to her Motion for Summary Judgment, but Document 16-5 is a spreadsheet related to Plaintiff's damages calculations. However, Plaintiff submitted her pay stubs, and these indicate there was some variation in Plaintiff's weekly compensation over the course of her employment. (*See generally* Doc. 16-3).

Finally, the Court **RECOMMITS** this case to the Magistrate Judge so that he may consider the issue of damages and make a recommendation to the Court.

It is so **ORDERED**.

SIGNED this 2nd day of March, 2021.

                                                 *[signature]*

                                                 DAVID COUNTS
                                                 UNITED STATES DISTRICT JUDGE